**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| LEVERN JOYNER, | : | HABEAS CORPUS |
| GDC No. 1153844, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-2199-TWT-ECS |
| STEVE UPTON, Former Warden, | : | |
| CARL HUMPHREY, Current Warden, | : | |
|     Respondents. | : | |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Levern Joyner, a state prisoner proceeding pro se, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2254 and an Affidavit in Support of Request to Proceed In Forma Pauperis. [Doc. Nos. 1, 2]. Mr. Joyner's affidavit indicated that he had $67.19 in his inmate account and thus had the financial wherewithal to pay the $5 filing fee when he submitted his habeas petition. [Doc. No. 2 at 2] Accordingly, Mr. Joyner's request for permission to proceed in forma pauperis ("IFP") was denied and he was ordered to pay the $5 filing fee. [Doc. No. 3].

Nonetheless, Mr. Joyner contends that although he had the ability to pay the $5 filing fee at the time he submitted his federal habeas petition, he should now be permitted to proceed IFP because he subsequently emptied his inmate account before he was explicitly ordered to pay the $5 filing fee. [Doc. No. 5]. Mr. Joyner's own filing confirms, however, that his present inability

to pay resulted from his voluntary election to spend money in the prison store. [Id. at 5-6]. And Mr. Joyner's own filing indicates that he has regularly deposited money into his inmate account in the recent past. [Id.]. Accordingly, Mr. Joyner's second request for IFP status is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order and Final Report and Recommendation to the warden of the institution where Mr. Joyner is incarcerated. The warden, or his designee, is **ORDERED** to deduct $5 from Mr. Joyner's inmate account the next time $5 or more is deposited into that account and to remit a $5 check to this Court on Mr. Joyner's behalf as payment of the filing fee in this case.

The undersigned also earlier ordered Mr. Joyner to supplement his habeas petition by answering Item 19 on the petition form. [Doc. No. 3 at 2]. That item relates to the timeliness of Mr. Joyner's federal habeas petition, and he had left it blank. Mr. Joyner's "Explanation to Question 19 of the Application for Writ of Habeas Corpus" [Doc. No. 4] is now before the Court for review.

Federal law provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). That limitation period runs from the latest of four specified events. Id. In this case, the applicable event

AO 72A
(Rev.8/82)

is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

A Gwinnett County jury convicted Mr. Joyner of various crimes in January 2004, and his direct appeal in state court ended when the Georgia Supreme Court denied his request for a writ of certiorari on July 13, 2006. See [Doc. No. 1 at 1]; see also Joyner v. State, 628 S.E.2d 186 (Ga. Ct. App. 2006), cert. denied. 2006 Ga. LEXIS 504 (Ga. July 13, 2006). Mr. Joyner then had 90 days to seek certiorari from the United States Supreme Court. See Sup. Ct. R. 13.1. It appears from Mr. Joyner's federal habeas petition that he did not do so. See [Doc. No. 1 at 3 (Item 10(e))]. Therefore, for purposes of § 2244(d)(1), judgment against Mr. Joyner became final on October 11, 2006. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (citing Clay v. United States, 537 U.S. 522, 527 (2003)).

Although the filing deadline for a federal habeas petition is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), such tolling must commence before the one-year federal limitations period expires. "A state court filing after the federal habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d

3

1196, 1204 (11th Cir. 2004). "[O]nce a deadline has expired, there is nothing left to toll." Id.

Mr. Joyner's federal habeas petition indicates that he did not sign and file his state habeas petition until 2010. See [Doc. No. 1 at 2 (Item 12 (indicating a 2010 docket number))]. That was long after the one-year limitations period for filing his federal habeas petition expired, untolled, in October 2007.

Nothing in Mr. Joyner's "Explanation to Question 19 of the Application for Writ of Habeas Corpus" [Doc. No. 4] alters that conclusion. While it is true that Georgia has a four-year statute of limitations for the filing of a state habeas petition, Mr. Joyner's failure to file his state habeas petition within one year after his state conviction became final – and thus to toll the one-year federal limitations period - effectively forfeited his right later to file a federal habeas petition.

Because Mr. Joyner's federal habeas petition is plainly time-barred, it is subject to summary dismissal. See 28 U.S.C. foll. § 2254, Rule 4. Therefore, the undersigned **RECOMMENDS** that it [Doc. No. 1] be **DISMISSED**.

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2254, Rule 11(a). A § 2254 petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge

4

AO 72A
(Rev.8/82)

issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2254 petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez, 555 U.S. at 118 n.3 ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks omitted). Mr. Joyner has not demonstrated that his petition is timely and that he has been denied a constitutional right or that both issues are reasonably debatable.

5

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO ORDERED, RECOMMENDED AND DIRECTED**, this 31st day of August, 2012.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| LEVERN JOYNER, | : | HABEAS CORPUS |
| GDC No. 1153844, | : | 28 U.S.C. § 2254 |
|     Petitioner, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-2199-TWT-ECS |
| STEVE UPTON, Former Warden, | : | |
| CARL HUMPHREY, Current | : | |
| Warden, | : | |
|     Respondents. | : | |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the

District Court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 31st day of August, 2012.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)